```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

```
ANGIE J. LEE,                    *
      Plaintiff,                 *
vs.                              *     CASE NO. 4:13-CV-305 (CDL)
WAL-MART STORES, INC.,           *
      Defendant.                 *
```

O R D E R

Plaintiff Angie J. Lee, proceeding *pro se*, first filed suit against her former employer, Defendant Wal-Mart Stores, Inc.,[1] on January 24, 2013, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*  *See* Case No. 4:13-CV-25 (CDL).  The Court dismissed the complaint without prejudice because Plaintiff did not show good cause for her failure to effect service upon Defendant within 120 days.  Fed. R. Civ. P. 4(m).  As a result, Plaintiff re-filed the action on July 23, 2013.  Defendant moves to dismiss the current complaint as untimely because it was filed beyond the 90-day statute of limitations (ECF No. 3).  As explained below, Defendant's motion is granted.

"Under Title VII, a plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-

---

[1] Both parties acknowledge that the proper defendant should be Wal-Mart Stores East, L.P.

sue letter from the [Equal Employment Opportunity Commission]." *Miller v. Georgia*, 223 F. App'x 842, 844 (11th Cir. 2007) (per curiam) (citing 42 U.S.C. § 2000e-5(f)(1)).  Plaintiff alleges that she received her Notice of Right to Sue letter on October 25, 2012 or October 26, 2012.  Compl. ¶ 11, ECF No. 1. Therefore, Plaintiff was required to file this current action by January 23, or 24, 2013.  It is clear that Plaintiff filed her July 23, 2013 complaint outside the 90-day limitations period.

While a court may toll a limitations period, "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly."  *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (internal quotation marks omitted).  The general rule in the Eleventh Circuit is that "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations."  *Id.* (affirming dismissal of discrimination claim re-filed 90 days after receiving EEOC letter); *see also Williams v. Ga. Dep't of Def. Nat'l Guard Headquarters*, 147 F. App'x 134, 135-36 (11th Cir. 2005) (per curiam) (declining to equitably toll 90-day limitations period even though previously-filed Title VII action, which plaintiff voluntarily dismissed, had been timely filed).

Here, the Court finds that Plaintiff has not established that the circumstances warrant the extraordinary remedy of

2

equitable tolling; therefore, Plaintiff's untimely action must be dismissed in its entirety. *See Miller*, 223 F. App'x at 843-44 (affirming dismissal of Title VII claim re-filed beyond 90-day period despite first filing's dismissal without prejudice for failure to perfect service to defendant within 120 days).

## CONCLUSION

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss (ECF No. 3).

IT IS SO ORDERED, this 8th day of October, 2013.

                                              S/Clay D. Land
                                                    CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE