```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

```
ANGIE J. LEE,                       *

    Plaintiff,                      *

vs.                                 *    CASE NO. 4:13-CV-305 (CDL)

WAL-MART STORES, INC.,              *

    Defendant.                      *
```

O R D E R

Presently pending before the Court is Plaintiff Angie J. Lee's Motion for Reconsideration (ECF No. 14) asking the Court to reconsider its Order (ECF No. 11) dismissing her untimely-filed action.  Motions for reconsideration shall only be filed when "absolutely necessary" and not "as a matter of routine practice."  M.D. Ga. R. 7.6.  "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).

Lee, who is now represented by counsel, argues that the Court should equitably toll the statute of limitations and consider her untimely-filed complaint for two reasons.  First, she argues that her son's health created a hardship that warrants tolling the statute of limitations.  Although Lee

submitted additional documentation in support of this excuse, the Court previously considered the same argument and rejected it. Motions for reconsideration are not appropriate for simply rearguing previously rejected positions, and the Court declines to do so here. Therefore, Lee's hardship argument will not be reconsidered. *See Singleton v. Dep't of Corrections*, 323 F. App'x 783, 786 (11th Cir. 2009) (per curiam) (finding no abuse of discretion in denying a motion for reconsideration that repeats previously raised arguments).

Lee does raise a new argument that she did not previously assert. She claims that she received erroneous advice from a deputy clerk and thus the statute of limitations should be tolled. It is clear that Lee allegedly received this advice months before the Court made its decision to dismiss the action. Lee fails to explain adequately why she did not present this argument or any evidence supporting it in opposition to Defendant's Motion to Dismiss. Even if authority existed supporting her dubious "erroneous advice" excuse, the Court would not consider it at this stage of the litigation. The alleged evidence supporting this excuse existed when she filed her response to Defendant's Motion to Dismiss, and yet she did not mention it. Since her argument is not based on new evidence, it is not a proper basis for granting reconsideration. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir.

2

1998) ("Motions for Reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued.").

Lee has failed to carry her burden in support of her Motion for Reconsideration. She seeks mercy rather than reconsideration based on recognized legal authority. While the Court may be personally sympathetic to her plight, it is bound by the law. And the law does not support reconsideration under the circumstances presented here. Accordingly, her motion (ECF No. 14) is denied.

IT IS SO ORDERED, this 13th day of November, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE